ROANE, Judge.
After stating the case proceeded thus:
I will consider the plaintiffs, on this declaration, as standing in two different characters. 1. As assignees of W. Reid. 2. As real owners of the debt sued for.
Under the first point of view, the testimony was improperly rejected; under the second, the indorsement of W. Reid was Illegal testimony'; and therefore rightly refused. But, in either case, the judgment rendered for the defendant is sustainable.
In the first view, the memorandum of settlement and indorsement' of Reid, were proper testimony, and ought to have been admitted; because there is a substantial if not a literal correspondence, between them and the papers described in the declaration ; and if the case, made in the declaration, is not such an one as to justify a final judgment, for the plaintiff, that was not the proper time for the court to have made such a decision. But when the Inferior Court has rendered a final judgment for the defendant, if there be an, incurable defect in the declaration, this court will sustain the judgment; although, at a prior time, such Inferior Court erred; to wit, in rejecting the testimony offered, at the trial.
'There is. an incurable defect in the declaration, considering the *396 plaintiffs, as suing in character of assignees. The declaration indeed avers, that Reid assigned the memorandum of settlement to the plaintiffs. But this averment does not take, from the court, their province of deciding, whether there was, in point of law, an assignment or not: And, in making this decision, the court will, look into the whole statement, in the declaration. The latter part of the case stated, is a complete felo dese of the former; it shews that Reid was not owner of the debt, but a mere agent of the plaintiffs; and that what the plaintiffs have termed an assignment is merely a memorandum by him, that the debt acknowledged is the property of the plaintiffs. An assignment presupposes a property in the assignor, and a recovery may be had against him on the failure of the obligor, on the ground of a debt due by him to the assignee; of which, the draft, called the assignment, is an evidence. These principles were settled by the case of M’Kie v. Davies, 2 Wash. 219; and testing the present transaction by them, the idea of an assignment is clearly refuted. It is most clear, that Reid had never had a property in this debt; never meant to transfer a debt of his own to the plaintiffs; but merely to inform the plaintiffs, that this debt was their property; and he cannot be inferred, from his memorandum to have owed the plaintiffs a sum, corresponding with the sum drawn for, but was merely their agent or factor in the whole business. If too the agent Reid should ever be sued by the appellants, in the event of the insolvency of the appellee, on the ground of a debt imported to be due by the assignment, the declaration, in this action, 'would be a complete bar thereto; inasmuch as it shews that no debt was due, nor can be inferred to be due, from him to the appellants, from the terms of his indorsement taken altogether.
The case, made in the declaration, shews, clearly, that there was no legal assignment of the debt *in question; and, on this ground, judgment could never be rendered for the plaintiffs, upon this declaration.
This view supersedes the necessity of considering, whether the paper, in question, is in fact assignable or not, under our act of Assembly. A question,, upon which, I shall now pass no opinion.
Another view, under which the plaintiffs may be considered, on this declaration, is as real owners of the debt. As the latter appears to be really the case, although in form they may perhaps entitle themselves as assignees-, the declaration might probably be sustained on the authority of Byrd v. Cocke, 2 Wash. 232; and on those liberal principles of decision, which disregard technical formality, for the sake of substantial justice.
But the question still recurs, whether, in this view of the subject, the District Court did right in rejecting the testimony offered? And I am. of opinion, they certainly did right, in so far as they rejected the memorandum of W. Reid. Keeping the idea of an assignment out of view, for the present, W. Reid, as to the matter of this indorsement, can only be considered as a witness; and whether his evidence was, or was not, relevant, or necessary to corroborate the settlement of the appellant Herndon, it is clear that before it could be received, by the court, it ought to have been taken, under the customary sanction. This not being done, his memorandum being, in fact, a mere assertion of an individual, it was rightly considered, by the court, as inadmissible.
In either view of the case therefore, I think the judgment of the District Court was right, and that it ought to be affirmed.
FLEMING, Judge.
The note in question amounted to a promise-; and the memorandum was *a good assignment; to constitute which no particular words are necessary. I think therefore that the plaintiff was entitled to his action ; and I am equally clear that the paper should have been given in evidence. For it is enough, if the plaintiff shews a good cause of action, and the evidence corresponds with the statement made in the declaration; which was the case in the present instance. I am therefore of opinion, that there was error in refusing the evidence; and that the judgment should be reversed, the cause sent back for a new trial, and a direction given to admit the evidence.
CARRINGTON, Judge.
At the stage at which the cause was in the court below, I think it was improper for the court to decide, as to the validity of the note, or of the assignment; of which there was a pro-fert in the declaration. They were the evidence declared on, and therefore the plaintiff ought to have been permitted to offer them to the jury, in support of it. Whether they would have maintained the action, if there had been a demurrer to the evidence, or a motion in arrest of judgment, is unnecessary to be now decided; as the cause had not advanced to either of those stages, but its progress was prematurely arrested. In this view of the subject; the cases of Brown v. Putney, 1 Wash. 202, and Wilcox v. Huggins, 2 Stra. 907, concerning the act of limitations, can have no application. Upon the whole I am of opinion, that, as the case comes up, the District Court erred in suppressing the paper; that therefore the judgment should be reversed; and the cause sent back for a new trial, with instructions to admit the evidence; so that the plaintiff may have an opportunitj of proving the note if he can.
LYONS, Judge.
If the declaration was bad, the defendant should have demurred, or taken advantage of it by pleading. But he could not, upon the trial of the cause, object to the introduction of the evidence, if it was consistent with the declaration. If the action was not sustainable, he ^should have demurred to the evidence, or moved in arrest of judgment; but he could not prevent the plaintiff from proving his declaration, by testimony, which corresponded with the allegations of it.
I concur therefore with the two judges, who are for reversing the judgment; and sending the cause back for a new trial, with directions to admit the evidence.
The judgment was as follows:
“The Court is of opinion, that the said *397 judgment is erroneous in this: That the said Court refused to admit the writings, in the bill of exceptions stated, to go to the jury as evidence; which were proper evidence, on the issue; and the appellants ought to have been allowed to prove them. Therefore it is considered that the said judgment be reversed &c. and it is ordered, that the jurors verdict be set aside, and that a new trial be had in the cause; on which the said writings are to be allowed to go as evidence to the jury, on proof of the execution thereof.”